**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>GREIF PACKAGING LLC,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>TEAMSTERS DISTRICT COUNCIL 2, LOCAL 388M,<br><br>Defendant-Appellee.</td><td>No.   19-55276<br><br>D.C. No.<br>8:18-cv-00444-JVS-DFM<br><br>MEMORANDUM[*]</td></tr>
</table>

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted February 6, 2020[**]
Pasadena, California

Before: THOMAS, Chief Judge, and WARDLAW and NGUYEN, Circuit Judges.

Greif Packaging LLC ("Greif") appeals from the district court's order

enforcing an arbitration award in favor of Teamsters District Council 2, Local

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

388M (the "Union"). We have jurisdiction pursuant to 9 U.S.C. § 16(a)(3) and 28 U.S.C. § 1291, and we affirm.

"[J]udicial review of arbitration awards is extremely limited." *Phx. Newspapers, Inc. v. Phx. Mailers Union Local 752*, 989 F.2d 1077, 1080 (9th Cir. 1993); *see also Sw. Reg'l Council of Carpenters v. Drywall Dynamics, Inc.*, 823 F.3d 524, 530 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 829 (2017). Our narrow "task is to determine *whether* the arbitrator interpreted the collective bargaining agreement, *not* whether he did so correctly." *Haw. Teamsters & Allied Workers Union, Local 996 v. United Parcel Serv.*, 241 F.3d 1177, 1178 (9th Cir. 2001). "'[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' his award must be upheld." *Drywall Dynamics*, 823 F.3d at 530 (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

We have recognized an exception to the "nearly unparalleled degree of deference" afforded to labor arbitration awards by declining to enforce awards that "do[] not draw [their] essence from the collective bargaining agreement." *Id.* (internal citations and quotation marks omitted). This exception does not "open a back door to judicial review of the merits of an arbitral award." *Haw. Teamsters*, 241 F.3d at 1183. Rather, it is "reserved for those egregious cases in which a court

determines that the arbitrator's award ignored the plain language of the contract," *Stead Motors of Walnut Creek v. Auto. Mach. Lodge No. 1173*, 886 F.2d 1200, 1205 n.6 (9th Cir. 1989) (en banc), *cert. denied*, 495 U.S. 946 (1990).  This is not such a case.

The district court correctly concluded that the arbitrator neither ignored the plain terms of the 2016–19 collective bargaining agreement ("CBA") nor otherwise exceeded his delegated authority.

First, because no provision plainly prohibited or mandated above-scale wages, the arbitrator properly considered evidence extrinsic to the CBA, including Greif's thirteen-year practice of paying such wages to deserving employees.  *See Edward Hines Lumber Co. of Or. v. Lumber & Sawmill Workers Local No. 2588*, 764 F.2d 631, 633, 635 (9th Cir. 1985) (upholding an award that precluded the company from subcontracting more than 40% of its operations, notwithstanding a management rights clause and the absence of an "express provision regarding subcontracting," where the arbitrator "clearly based his decision in large part on the employer's undisputed historical practice of maintaining a 60–40 ratio" of bargaining unit employees to subcontractors).  Based on this practice, which persisted under materially similar predecessor CBAs, the arbitrator concluded that the above-scale wages were an implied term of the CBA.  He reasonably declined

3

to infer an agreement to eliminate those rates from adjustments made to the wage scale in 2016, as those adjustments resulted from brief, friendly negotiations that did not address above-scale wages. *Cf. ASARCO LLC v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus.& Serv. Workers Int'l Union*, 910 F.3d 485, 491–92 (9th Cir. 2018) (declining to vacate arbitration award requiring a company to pay bonuses to new hires where parties "never discussed or even acknowledged" that an agreed-upon amendment to the contract's pension provision would render new hires ineligible for bonuses).

Second, by restoring above-scale wages, the arbitrator merely reinstated an implied contract term that Greif breached by unilaterally reducing the affected employees' wages. He did not create a new wage scale, change the wage scale, or otherwise modify the CBA's terms. Accordingly, he did not exceed his powers under the CBA. *See* 9 U.S.C. § 10(a)(4); *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569–70 (2013).

In short, the arbitrator "engage[d] with the interpretive task" by "look[ing] at and constru[ing] the contract," and his decision was "grounded in [his] reading of the parties' agreement" as well as "past practices of the parties." *Drywall Dynamics*, 823 F.3d at 532–33. The district court properly enforced the award.

**AFFIRMED.**

4